UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE MILLER,

    Plaintiff,

v.                                                            CASE NO: 8:10-cv-2475-T-26TBM

ROCHE SURETY AND CASUALTY CO.,
INC., ROCHE BAIL BONDS, INC., and
SHANNON ROCHE,

    Defendants.
_____/

## **O R D E R**

Before the Court is Defendants' Motion for Summary Judgment and Statement of Undisputed Facts (Dkts. 19 & 20) with various deposition transcripts, affidavits, and exhibits (Dkts. 22-33), and Plaintiff's Memorandum in Opposition and Statement of Disputed Facts with exhibits and deposition transcripts. (Dkts. 35 & 36). After careful consideration of the submissions of the parties and the entire file, the Court concludes that the motion should be denied.

In this action, Plaintiff seeks damages for violations and retaliation pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§207 and 215(a)(3), claiming that she was denied privacy and adequate breaks for the purpose of expressing her breast milk at work for her infant son. The evidence reflects that both parties' versions of what transpired in a few days in September 2010 are vastly different. Specifically, the time and content of

the alleged complaints made by Plaintiff to her supervisor Melissa Martin and to Defendant Shannon Roche, the owner of Roche Surety, Inc., and director of Roche Surety, Inc., Roche Surety and Casualty, and Roche Bail Bonds, are contested. Defendants claim that private rooms other than the bathroom were available to take breaks in the double-wide trailer housing the bail bond office.  However, Plaintiff contends that the only room available was a bathroom, which is insufficient under the Affordable Health Care Act (AHCA), 29 U.S.C. §207(r)(1), effective March 23, 2010. The number of breaks Plaintiff was allowed to take are contested by each side.  Whether Plaintiff voiced her objections about her lack of privacy and inability to pump and whether Plaintiff posted various negative comments about her employer on Facebook are also disputed.  Finally, neither side agrees about the sequence and circumstances leading up to Plaintiff's signing of resignation and termination letters.

Based on the myriad of disputed facts in this case, summary judgment is inappropriate.  It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (Dkt. 19) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on October 13, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record