# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DANIELLE MILLER,**

                              **Plaintiff,**

**v.**                                    **CASE NO: 8:10-cv-2475-T-26TBM**

**ROCHE SURETY AND CASUALTY CO.,**
**INC., ROCHE BAIL BONDS, INC., and**
**SHANNON ROCHE,**

                              **Defendants.**
_____/

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

The Defendants hereby file the attached proposed jury instructions.

Respectfully submitted this 30th day of November, 2011.

/s/Thomas M. Gonzalez
Thomas M. Gonzalez
Fla. Bar No.: 192341
Nathan J. Paulich
Fla. Bar. No.: 0085190
Thompson, Sizemore, Gonzalez
& Hearing, P.A.
One Tampa City Center
201 N. Franklin St., Suite 1600
Tampa, Florida 33602
Telephone: (813) 273-0050
Facsimile: (813) 273-0072
tgonzalez@tsghlaw.com
npaulich@tsghlaw.com
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF this 30th day of November, 2011 to:

Luis A. Cabassa
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, FL 33602

/s/Thomas M. Gonzalez
Attorney

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIELLE MILLER,**

**Plaintiff,**

**v.**                                    **CASE NO: 8:10-cv-2475-T-26TBM**

**ROCHE SURETY AND CASUALTY CO.,**
**INC., ROCHE BAIL BONDS, INC., and**
**SHANNON ROCHE,**

**Defendants.**
_____/

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1**
**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished, you will go to the jury room and begin your discussions – what we call your deliberations.

Source: Basic Instruction No. 1, Eleventh Circuit Pattern Jury Instructions (2005).

Accepted_____
Rejected_____
Modified_____
Withdrawn_____

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE MILLER,

      Plaintiff,

v.                               CASE NO: 8:10-cv-2475-T-26TBM

ROCHE SURETY AND CASUALTY CO.,
INC., ROCHE BAIL BONDS, INC., and
SHANNON ROCHE,

      Defendants.

_____/

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2**
**CONSIDERATION OF THE EVIDENCE**
**DUTY TO FOLLOW INSTRUCTIONS**
**CORPORATE PARTY INVOLVED**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence--that is, the testimony of the witnesses and the exhibits I have admitted in the record--but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

4

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

<u>Source</u>: Basic Instruction No. 2.2, Eleventh Circuit Pattern Jury Instructions (2005).

Accepted_____
Rejected_____
Modified_____
Withdrawn_____

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIELLE MILLER,**

**Plaintiff,**

**v.**                                              **CASE NO: 8:10-cv-2475-T-26TBM**

**ROCHE SURETY AND CASUALTY CO.,**
**INC., ROCHE BAIL BONDS, INC., and**
**SHANNON ROCHE,**

**Defendants.**
_____/

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3**
**CREDIBILITY OF WITNESSES**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

<u>Source</u>: Basic Instruction No. 3, Eleventh Circuit Pattern Jury Instructions (2005).

Accepted_____
Rejected_____
Modified_____
Withdrawn_____

6

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIELLE MILLER,**

                                    **Plaintiff,**

**v.**                                              **CASE NO: 8:10-cv-2475-T-26TBM**

**ROCHE SURETY AND CASUALTY CO.,**
**INC., ROCHE BAIL BONDS, INC., and**
**SHANNON ROCHE,**

                                    **Defendants.**
_____/


**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4**
**IMPEACHMENT OF WITNESSES**
**INCONSISTENT STATEMENT**

         You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

         You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Source: Basic Instruction No. 4.1, Eleventh Circuit Pattern Jury Instructions (2005).

                                              Accepted_____
                                              Rejected_____
                                              Modified_____
                                              Withdrawn_____

7

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIELLE MILLER,**

                    **Plaintiff,**

**v.**                                 **CASE NO: 8:10-cv-2475-T-26TBM**

**ROCHE SURETY AND CASUALTY CO.,**
**INC., ROCHE BAIL BONDS, INC., and**
**SHANNON ROCHE,**

                    **Defendants.**

_____/


**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**
**BURDEN OF PROOF**

      In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

      A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

      When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

      If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

<u>Source</u>: Basic Instruction No. 6.2, Eleventh Circuit Pattern Jury Instructions (2005).

                                 Accepted_____

Rejected_____
Modified_____
Withdrawn_____

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIELLE MILLER,**

**Plaintiff,**

**v.**                                    **CASE NO: 8:10-cv-2475-T-26TBM**

**ROCHE SURETY AND CASUALTY CO.,**
**INC., ROCHE BAIL BONDS, INC., and**
**SHANNON ROCHE,**

**Defendants.**
_____/

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 6**
**RETALIATION**

The Plaintiff alleges that the Defendants retaliated, that is, took revenge against the Plaintiff because the Plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

You are instructed that the FLSA prohibits any retaliatory action being taken against an employee by an employer because the employee filed any complaints of employment actions made unlawful under the FLSA. So, even if a complaint of violations of employment actions prohibited by the FLSA is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a compliant if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish a claim of unlawful retaliation, therefore, the Plaintiff must prove by a preponderance of the evidence:

First:        That she engaged in statutorily protected activity, that is, that she
             in good faith asserted an objectively reasonable complaint(s) of
             employment actions made unlawful by the FLSA;

10

Second:       That an adverse employment action then occurred;

Third:        That the adverse employment action was causally related to the
              Plaintiff's statutorily protected activities; and

Fourth:       That the Plaintiff suffered damages as a proximate or legal result
              of such adverse employment action.

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendants' decision.

On the other hand, it is not necessary for the Plaintiff to provide the Plaintiff's protected activity was the sole or exclusive reason for the Defendants' decision. It is sufficient if the Plaintiff proves that the protected activity was a determinative consideration that made a difference in the Defendants' decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendants even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendants have shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in the absence of the statutorily protected activity. If you find that the Plaintiff would have been dismissed for reasons apart from the statutorily protected activity, then your verdict should be for the Defendants.

Sources:      Federal Claims Instruction, Adverse Employment Action Claims No. 1.10.3,
              Eleventh Circuit Pattern Jury Instructions (2005); 29 U.S.C. § 215(a)(3); Wolf
              v. Coca-Cola, Co., 200 F.3d 1337 (11th Cir. 2000); Bythewood v. Unisource
              Worldwide, Inc., 413 F. Supp. 2d 1367 (N.D. Ga. 2006); Burnette v. Northside
              Hosp., 342 F. Supp. 2d 1128 (N.D. Ga. 2004).

_____ Accepted

_____ Rejected
_____ Modified
_____ Withdrawn

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE MILLER,

                    Plaintiff,

v.                                          CASE NO: 8:10-cv-2475-T-26TBM

ROCHE SURETY AND CASUALTY CO.,
INC., ROCHE BAIL BONDS, INC., and
SHANNON ROCHE,

                    Defendants.
_____/


DEFENDANTS PROPOSED JURY INSTRUCTION NO. 7
PROTECTED ACTIVITY

        As explained in the Jury Instruction on Retaliation, the first element the Plaintiff must
prove by a preponderance of evidence is that she engaged in statutorily protected activity.

        To engage in statutorily protected activity under the Fair Labor Standards Act ("FLSA"),
the Plaintiff must have filed a complaint, either orally or verbally, that was sufficiently clear and
detailed for a reasonable employer to understand it, in light of both content and context, as an
assertion of rights protected by the FLSA and a call for their protection.

        Not all informal assertions of rights or abstract grumblings of violations are protected
by the FLSA.  Rather, the Plaintiff must establish that she subjectively believed the Defendants
were engaged in employment actions made unlawful under the FLSA, and that her belief was
objectively reasonable in light of the facts and record presented.

        If you find that the Plaintiff did not make a complaint or that she did not have a good
faith, reasonable belief that the Defendants were engaged in unlawful employment practices
when she made the complaint, then your verdict should be for the Defendants.

Sources:        Kasten v. Saith-Gobean Performance Plastics Corp., 131 S.Ct. 1325 (2011);
                Clover v. Total System Servs., Inc., 176 F.3d 1346 (11th Cir. 1999); Little v.
                United Techs., Carrier Transicold Div., 103 F.3d 956 (11th Cir. 1997); Ash v.

13

<u>Sambodromo, LLC</u>, 676 F. Supp. 2d 1360 (S.D. Fla. 2009); <u>Bythewood v. Unisource Worldwide, Inc.</u>, 413 F. Supp. 2d 1367 (N.D. Ga. 2006); <u>Burnette v. Northside Hosp.</u>, 342 F. Supp. 2d 1128 (N.D. Ga. 2004).

_____ Accepted
_____ Rejected
_____ Modified
_____ Withdrawn

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE MILLER,

                    Plaintiff,

v.                                                CASE NO: 8:10-cv-2475-T-26TBM

ROCHE SURETY AND CASUALTY CO.,
INC., ROCHE BAIL BONDS, INC., and
SHANNON ROCHE,

                    Defendants.
_____/

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 8
## LEGITIMATE NON-DISCRIMINATORY REASON

Even if the Plaintiff is able to prove the elements of her retaliation claim that I have just described, the Defendants nevertheless may still prevail if it articulates a legitimate, non-discriminatory reason for its actions. The Defendants burden in this regard is exceedingly light and easily established. The Defendants need only produce evidence of a legitimate, non-discriminatory reason. The Defendants do not have the burden to prove it had a legitimate, non-discriminatory reason for its actions because the Plaintiff at all times carries the burden of proof that retaliation occurred.

As long as the Defendants proffered legitimate, non-discriminatory reasons that may motivate a reasonable employer, the Plaintiff must meet those reasons head on and rebut them. The Plaintiff may prevail only if she proves by a preponderance of the evidence that each of the Defendants' articulated reasons were pretext for unlawful retaliation. Pretext means a lie, specifically, a phony reason for some action. A reason is not pretext for unlawful retaliation unless the Plaintiff is able to show both that the reason given was false, and that retaliation for engaging in the statutorily protected activity was the real reason.

Importantly, employers are permitted to take an adverse action against employees for a good reason, a bad reason, a reason based on erroneous facts, or no reason at all, as long as the reasons for its actions were not for a discriminatory reason. For purposes of analyzing pretext, the jury can assume that the facts which underlie the Defendants' legitimate, non-discriminatory reason are false because the relevant inquiry is whether the Defendants' believed those facts were true, and if so, whether this belief was the reasons behind the Defendants' action.

If you find that the Plaintiff would have been terminated for reasons apart from unlawful retaliation, then your verdict should be for the Defendants.

Sources:      Brooks v. County Com'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006); Abel v. Dubberly, 210 F.3d 1334, 1339 n.5 (11th Cir. 2000); Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000); Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991); Raspanti v. Four Amigos Travel, Inc., 266 F. App'x 820, 823-24 (11th Cir. 2008); Suchite v. Kleppin, –F. Supp. 2d–, 2011 WL 1748547, *8 (S.D. Fla. May 5, 2011).

_____ Accepted
_____ Rejected
_____ Modified
_____ Withdrawn

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIELLE MILLER,**

**Plaintiff,**

**v.**                                              **CASE NO: 8:10-cv-2475-T-26TBM**

**ROCHE SURETY AND CASUALTY CO.,**
**INC., ROCHE BAIL BONDS, INC., and**
**SHANNON ROCHE,**

**Defendants.**
_____/

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 9**
**SUBSTANTIVE VIOLATION OF FAIR LABOR STANDARDS ACT**

The Plaintiff alleges that the Defendants violated the Fair Labor Standards Act ("FLSA") by failing to provide her a reasonable break time to express breast milk at work and failing to provide her an appropriate place to perform that act.

The FLSA was amended in March of 2010 by the Patient Protection and Affordable Care Act to require employers to provide:

(A) a reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has a need to express the milk; and

(B) a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

Employers are not required to compensate nursing mothers for breaks taken for the purpose of expressing breast milk.

In order to establish a substantive violation of the FLSA, the Plaintiff therefore must prove by a preponderance of the evidence that:

17

**The Defendants failed to provide the Plaintiff reasonable break time(s) for her to express breast milk or a place other than a bathroom that was shielded from view and free from intrusion to express breast milk.**

Sources:          29 U.S.C. § 207(r).

_____ Accepted
_____ Rejected
_____ Modified
_____ Withdrawn

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE MILLER,

Plaintiff,

v.                                          CASE NO: 8:10-cv-2475-T-26TBM

ROCHE SURETY AND CASUALTY CO.,
INC., ROCHE BAIL BONDS, INC., and
SHANNON ROCHE,

Defendants.

_____/

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10
### ATTORNEYS FEES AND COURT COSTS

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages.  The matter of attorney's fees and court costs will be decided later by the Court.

Source: Supplemental Damages Instruction No. 6.1, Eleventh Circuit Pattern Jury Instructions (2005).

Accepted_____
Rejected_____
Modified_____
Withdrawn_____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DANIELLE MILLER,**

      **Plaintiff,**

**v.**                            **CASE NO: 8:10-cv-2475-T-26TBM**

**ROCHE SURETY AND CASUALTY CO.,**
**INC., ROCHE BAIL BONDS, INC., and**
**SHANNON ROCHE,**

      **Defendants.**

_____/

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11
### DUTY TO DELIBERATE
### WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Source: Basic Instruction No. 7.1, Eleventh Circuit Pattern Jury Instructions (2005).

Accepted_____
Rejected_____
Modified_____
Withdrawn_____

21

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIELLE MILLER,**

**Plaintiff,**

**v.**                                   **CASE NO: 8:10-cv-2475-T-26TBM**

**ROCHE SURETY AND CASUALTY CO.,**
**INC., ROCHE BAIL BONDS, INC., and**
**SHANNON ROCHE,**

**Defendants.**
_____/

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12**
**DUTY TO MITIGATE IN GENERAL**

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find by a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amounts of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

Source: Supplemental Damages Instruction No. 1.1, Eleventh Circuit Pattern Jury Instructions (2005)

Accepted_____
Rejected_____
Modified_____
Withdrawn_____

22

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIELLE MILLER,**

**Plaintiff,**

**v.**                                          **CASE NO: 8:10-cv-2475-T-26TBM**

**ROCHE SURETY AND CASUALTY CO.,**
**INC., ROCHE BAIL BONDS, INC., and**
**SHANNON ROCHE,**

**Defendants.**
_____/

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13**
**ELECTION OF FOREPERSON**
**EXPLANATION OF VERDICT FORM(S)**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or questions you might send, that you should not tell me your numerical division at that time.

<u>Source</u>: Basic Instruction No. 8, Eleventh Circuit Pattern Jury Instructions (2005).

Accepted_____
Rejected_____
Modified_____
Withdrawn_____